IN RE APPLICATION OF BEST.
DARRELL F. BEST, DOING BUSINESS AS
BEST COMMUNICATIONS, APPELLANT, V.
LINCOLN TELEPHONE AND TELEGRAPH COMPANY ET AL.,
APPELLEES.

308 N.W.2d 726

Filed July 24, 1981. No. 43458.

Jack L. Shultz for appellant.

Paul M. Schudel of Woods, Aitken, Smith, Greer, Overcash & Spangler for appellee Lincoln Telephone.

Scott T. Robertson of Peterson, Bowman & Johanns for appellee Oden.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Darrell F. Best, doing business as Best Communications, the appellant herein, appeals to this court from an order entered by the Nebraska Public Service Commission denying his application for a certificate of public convenience and necessity authorizing the operation of a mobile telephone service to subscribers within a 35-mile radius of 33rd and O Streets in Lincoln, Nebraska. We affirm.

The record in this case reveals that an application requesting the authority to provide the aforementioned service was filed by the appellant with the commission on March 27, 1979. Notice of the application was subsequently published on April 3, 1979. Three formal protests to the granting of the application were filed with the commission on behalf of the Lincoln Telephone and Telegraph Company (LT&T), ATS Mobile Telephone, Inc. (ATS), and Charles P. Oden, doing business as Nebraska Radio Telephone Systems (NRTS). The protestants alleged that they were presently performing adequate service, that the proposed service of the appellant was not required by the public convenience and necessity, and that the granting of the certificate would lead to duplicative service and an inefficient use of the broadcast spectrum.

This matter came on for a public hearing before the commission on July 12, 1979, at which time evidence was presented on behalf of the parties herein. On November 5, 1979, the commission entered its order denying the appellant's application for the certificate of public convenience and necessity. In its order, the commission stated: "We are of the opinion and find that the applicant has failed to show that communications service in the area in question is not and will not within a reasonable time be adequate. Protestant Nebraska Radio Telephone Systems has been authorized to provide service and is proceeding with the installation of its system. There is no evidence in this record that the service to be provided by Nebraska Radio Systems will not be adequate. The application should be denied."

On November 30, 1979, the appellant filed a motion requesting a rehearing on his application. Oral argument on the motion for rehearing was held before the commission on January 3, 1980. The commission entered its order on April 8, 1980, overruling the motion for rehearing, from which order the appellant now appeals to this court. In his brief on appeal, the appellant raises the following assignments of error: (1) That

the Nebraska Public Service Commission acted in an arbitrary and capricious manner in its interpretation of Neb. Rev. Stat. § 75-604 (Reissue 1976); (2) That the commission erred in failing to find that the grant of the application was in the public interest; and (3) That the commission erred in overruling appellant's motion for rehearing.

In *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 372-73, 249 N.W.2d 468, 476 (1977), we stated: "The standard of review in appeals from the Public Service Commission is well established. The order of the Commission will be affirmed if the Commission acted within the scope of its authority and if its order is reasonable and not arbitrary. [Citations omitted.] If there is evidence to sustain the findings of the Commission, this court cannot intervene. [Citation omitted.]"

Section 75-604 provides that no person shall offer telephone service without first making an application to the commission for and receiving from the commission a certificate of public convenience and necessity. In determining whether a certificate should be issued, the statute requires the following: "Before granting a certificate of convenience and necessity, the commission must find that (1) the territory in which the applicant proposes to offer telephone service is not receiving reasonably adequate telephone service, (2) that the portion of the territory of another telephone company in which or into which the applicant proposes to construct new lines or extend its existing lines *is not and will not within a reasonable time* receive reasonably adequate telephone service from the telephone company already serving the territory, or (3) the application is agreeable to the subscriber or subscribers and to both telephone companies involved in the matter, will not create a duplication of facilities, and is in the interest of the public and the party or parties requiring telephone service." (Emphasis supplied.)

The evidence contained in the record of the hearing before the commission convinces us that the order of the

commission was not arbitrary or unreasonable. At the hearing the evidence of public need for the appellant's proposed service consisted of testimony from two public witnesses, both of whom are currently subscribers of mobile telephone service from LT&T. Mr. Daniel Cuda and Mr. Robert Stephens both testified that they had encountered a delay in the installation of their mobile telephone systems by LT&T. Both men testified that it was also difficult to gain access to the LT&T system during certain peak usage hours. It appears, however, that the complaints lodged by Cuda and Stephens were prior to the addition of two UHF channels to the mobile telephone service by LT&T. These channels were expected to increase the capacity of LT&T's system by approximately 40 percent.

Moreover, the appellant argues to this court that NRTS should not be recognized as a telephone company already serving the territory, because at the time of the hearing and at the time of oral argument on the motion for rehearing, NRTS was not providing such a service. The evidence in this regard indicates that at the time of the hearing on the instant application, NRTS had been granted authority by the commission to commence its mobile telephone service at a date not earlier than October of 1979. Charles Oden, owner of NRTS, testified that at the time of the Best hearing, technical and engineering studies of the Lincoln area were nearly completed and that a Washington, D.C., firm had been hired to prepare for the necessary FCC licensing applications. Oden also testified that the FCC has allotted a total of seven VHF channels for utilization by radio common carriers, and of the seven channels six were then assigned. The seventh channel has been assigned to NRTS and is allocated to operations in Fremont and Lincoln. As to UHF channels, Oden indicated that 14 channels are allocated for use by common carriers and that 12 were currently assigned by the FCC to users in the area. Oden stated that he intended to apply to the FCC for use of the two remaining channels. At the time

of oral argument before this court, counsel for NRTS stated that the FCC had assigned the channels to the protestant, and that there were no remaining channels in which the appellant could operate without interfering with the other mobile telephone services.

Under § 75-604 the commission is to consider whether the territory into which the applicant proposes to introduce his service is *or within a reasonable time will be* receiving reasonably adequate telephone service from the companies already serving the territory. We believe that the commission properly considered the additional capacity provided through LT&T's expanded system and the new mobile telephone service provided by NRTS. These systems, along with that of ATS mobile telephone, appear to be able to handle the demands placed on the mobile telephone service within the foreseeable future as indicated.

If, after a reasonable time, on the basis of actual experience, it appears that protestants are not able to provide adequate mobile radio service, there would appear to be nothing to prevent appellant from making further application to the Public Service Commission to provide such service.

The evidence in the record supports the commission's finding that reasonably adequate service will probably be available in the territory within a reasonable time. The decision of the Nebraska Public Service Commission was not arbitrary or unreasonable, and must be affirmed.

AFFIRMED.